OPINION
{¶ 1} Defendant-Appellant, Ricky Marbury, appeals a judgment of the Montgomery County Common Pleas sentencing him to five years in prison for a violation of his community control sentence imposed upon a conviction for burglary. Marbury asserts that his sentencing was contrary to the law because the trial court's findings were insufficient to establish that the sentence was consistent with the purposes and principles of sentencing. Finding that portions of the Ohio sentencing law have been determined to be unconstitutional, we vacate the sentence imposed and remand for resentencing.
 {¶ 2} Marbury pled guilty to one count of burglary on August 3, 2004, and was thereafter sentenced to five years of community control sanctions. At the sentencing, the court reserved a sentence of five years imprisonment if Marbury violated his community control sanctions. Within less than five months, Marbury was arrested and charged with violation of community control. On June 6, 2005, the trial court reinstated the community control sentence and released Marbury. Approximately six weeks later, Marbury absconded and another warrant was issued for his arrest for this violation. On August 11, 2005, Marbury admitted the violation, his community control was vacated, and he was sentenced to five years in prison, with credit for 277 days previously served. From this judgment, Marbury files the within delayed appeal, setting forth one assignment of error.
 First Assignment of Error {¶ 3} "The trial court abused its discretion when it failed to determine that the sentence imposed was the most effective method to comply with R.C. 2929.11."
 {¶ 4} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. InFoster, the Supreme Court held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings in order to sentence an offender to more than the minimum term of imprisonment.Foster at ¶ 97, 103. Because Marbury was sentenced to a term of five years, we find that his sentencing is based upon at least one unconstitutional statutory provision now deemed void.
 {¶ 5} The Supreme Court also mandated that all cases pending upon direct review at the time of the Foster decision must be remanded to the trial courts for new sentencing hearings not inconsistent with the court's opinion in Foster.
 {¶ 6} Pursuant to the ruling in Foster, Marbury's sole assignment of error is sustained. Therefore, Marbury's sentence must be vacated and the case must be remanded for resentencing.
Sentence Vacated and Cause Remanded.
Brogan, J. and Wolff, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).